ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN 14 PM 3:00
CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

| | |
|---|---|
| IN RE: PARADISE FARMS, INC., | Bankruptcy No. 12-30111 |
| Debtor. | |
| LISTER W. HARRELL, PARADISE FARMS, INC., and SARALAND LLLP, | **CV 314-147** |
| Plaintiffs, | (Adversary Number in Bankruptcy Court: 14-03013) |
| vs. | |
| TIM VAUGHAN, LYNN SHEFFIELD, DONALD HELMS, and TODD BOUDREAUX, | |
| Defendants. | |

**O R D E R**

On December 3, 2014, Mr. Lister W. Harrell filed a notice of appeal in the underlying adversary proceeding of the United States Bankruptcy Court. (See Bankr. Doc. No. 5, Bankr. Case No. 14-03013 (S.D. Ga. Sept. 15, 2014).) The appeal is taken from the Bankruptcy Court's Order of November 18, 2014, which denies Mr. Harrell's request to proceed in forma pauperis.[1]

---

[1] The Notice of Appeal is dated and signed on November 27, 2014, and postmarked December 1, 2014; it is therefore timely. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) ("Under the 'mailbox rule,' the date of filing with the court is the date a prisoner delivers a petition or other filing to

(Bankr. Doc. No. 3.)

Federal courts are courts of limited jurisdiction. As a district court, this Court only has jurisdiction over three types of appeals from the Bankruptcy Court: (1) final judgments, orders, and decrees, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals increasing or reducing the time periods under 11 U.S.C. § 1121(d); and (3) all other interlocutory orders with leave of court, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001(b) & 8003. See generally 28 U.S.C. § 158(a). A final order in a bankruptcy court is "one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." In re Fulton, 111 F.3d 92, 93 (11th Cir. 1997) (citation omitted). The Order from which Mr. Harrell appeals is not a final order or judgment, but rather an interlocutory order; and Mr. Harrell has not sought leave to file such appeal. Even if a motion for leave to appeal is not filed, however, the district court may "treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d). Accordingly, this Court will consider whether leave to appeal should be granted on the strength of the record and the Notice of Appeal filed on December 3, 2014.

In determining whether to grant discretionary interlocutory

---

prison authorities for mailing."); see also Fed. R. Bankr. P. 8002(c)(1) (effective Dec. 1, 2014).

appeals from a bankruptcy court, the district court uses the same standard set forth in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from district courts to the courts of appeals. Under § 1292(b), an appealing party must show that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. District courts should allow interlocutory bankruptcy appeals sparingly. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule.").

Upon due consideration, the Court exercises its discretion and denies Mr. Harrell leave to appeal because he has not met the standard for a discretionary interlocutory appeal. Accordingly, **IT IS ORDERED** that the appeal be **DISMISSED**. The Clerk is directed to **CLOSE** the case, and all pending motions are **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this ___14th___ day of January, 2015.

UNITED STATES DISTRICT JUDGE